**Ramon Nicolas CALSADO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70738.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Dec. 22, 2004.

---

5. Proffitt also claims that Abel is vicariously liable for failing to prevent Dallenbach's initial use of force in apprehending him. This claim is without merit. The record simply does not support Proffitt's contention that Abel was in a position to prevent Dallenbach's use of force. Indeed, Proffitt offers no facts conflicting with Abel's account that he first saw Dallenbach with Proffitt *after* Dallenbach had seized Proffitt. Accordingly, Abel could not have witnessed Dallenbach's initial use of force and could not have prevented it. Moreover, none of the cases Proffitt cites to support his theory of Abel's "vicarious liability" are applicable here. Rather, those cases all involved defendant officers who, unlike Abel, were witness to—and, thus, in a position to prevent—an improper use of force. *See e.g., Webb v. Hiykel*, 713 F.2d 405, 407 (8th Cir.

1983) (officer was in plaintiff's cell when other officers beat plaintiff); *McHenry v. Chadwick*, 896 F.2d 184, 188 (6th Cir.1990) (officers present when another officer assaulted plaintiff); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir.1972) (plaintiff beaten in presence of other officers).

6. Because we find that no constitutional violation occurred, we need not inquire as to whether Abel is protected by qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

Timothy M. Greene, Greene & Lloyd, PLLC, Puyallup, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

■ Substantial evidence supports the Immigration Judge's ("IJ's") determination that Calsado was deportable pursuant to 8 U.S.C. § 1182(a)(6)(C)(i). The government introduced a signed, registered marriage certificate indicating that Calsado had married in the Philippines prior to his entry into the United States as an unmarried son, but Calsado submitted no evidence—to the IJ, Board of Immigration Appeals ("BIA"), or to this court—to establish his contention that the marriage was void *ab initio* under Philippine law. *Cf. Mayo v. Schiltgen,* 921 F.2d 177, 180 (8th Cir.1990) (remanding for determination as to validity of marriage where petitioner "submitted substantial authority supporting her argument that ... the marriage is void under Philippine law"); *see also Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994) (failure to explain contentions and support them with authority waives argument on appeal).

The IJ's mistake of fact regarding the father named on Rosalinda's son's birth certificate was immaterial, and there was substantial evidence to support the determination that Rosalinda was not a credible

---

witness. The IJ's comments about the conduct of Calsado's father were improper, but this error was harmless because it did not bear on the merits of Calsado's deportability.

We grant Calsado's petition with respect to the discretionary waiver under 8 U.S.C. § 1251(a)(1)(H). Throughout the decision, the IJ incorrectly refers to the "extreme hardship" standard required for suspension of deportation. We, therefore, remand to the BIA with instructions to remand to the IJ for a new determination applying the correct legal standard. *See Reyes–Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir.2004). In weighing the equities and reaching a new decision, the IJ should not consider the actions of Calsado's father.

PETITION GRANTED.

* This disposition is not appropriate for publication and may not be cited to or by the courts